While I agree entirely with the majority's treatment of appellant's assignment of error in this matter, I believe it is appropriate in this case to address an issue that reoccurs entirely too frequently regarding the lack of compliance and proper application of the procedural mechanics addressed in Crim.R. 5, which is captioned "Initial Appearance, Preliminary Hearing."
Altogether too often in this appellate district, and for that matter throughout the state, attorneys and judges imprecisely refer to the first appearance in municipal and county courts as "arraignment." Crim.R. 5 is clear and unequivocal, indicating such a first proceeding is designated as "an initial appearance." If one examines the chronology of the Ohio Criminal Rules it is evident that "arraignment" is covered in Ohio Crim.R. 10 and follows in sequence Crim.R. 7 which deals with "The Indictment and the Information," and then comes Crim.R. 11 dealing with "Pleas, Rights Upon Plea."
It is this writer's understanding and position, therefore, that "arraignment" under Ohio law obtains only in common pleas courts pursuant to Crim.R. 10.
This analysis reinforces the conclusion that the first appearance in municipal and county courts in either felony or misdemeanors is properly designated as "the initial appearance."
This writer is aware of the use of "arraignment" in the Ohio Traffic Rules for those offenses within that penumbra. It is apparent, however, to this writer that the drafters of the traffic rules had a moment of somnolence when they failed to have preexisting criminal rules in focus when they employed contradictory diction in those particular rules. It would appear that after some twenty-five years of existence of Crim.R. 5 that the practicing bar and appropriate courts would finally come to properly apply the substance of this rule.
Perhaps an old Polish proverb would be in order! "Walac kon jak krawa to jest obrazic kon i krowa. i jest to wielka szkoda."
This concurring opinion is offered with modest hope that this analysis might have some salutatory effect. __________________________________ PRESIDING JUDGE DONALD R. FORD